**KNUDSEN CORPORATION, a California corporation, Plaintiff-Appellee,**

v.

**NEVADA STATE DAIRY COMMISSION, a Commission authorized by the Nevada Revised Statutes, Gregory Nixon, James C. Andrus, and Dr. Chauncey Ching, Commissioners thereof, Defendants-Appellants.**

**No. 80–4163.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 17, 1981.

Decided May 3, 1982.

Richard W. Young, Reno, Nev., for defendants-appellants.

Harold J. Kwalwasser, Tuttle & Taylor, Los Angeles, Cal., for plaintiff-appellee.

Before KENNEDY, HUG, and NELSON, Circuit Judges.

KENNEDY, Circuit Judge:

Knudsen Corporation, a manufacturer and distributor of a full line of dairy products, challenged a Nevada regulatory

scheme on antitrust grounds, alleging that a state mandated price filing system promoted horizontal price fixing and restrained competition in the dairy market. The district court granted Knudsen's motion for a preliminary injunction and ordered the Nevada State Dairy Commission to suspend enforcement of certain provisions of the challenged statutes and regulatory scheme. The Commission appeals, and we affirm.

In reaching our conclusion that there is a high probability that Knudsen will succeed on the merits, we must set forth what we find to be the controlling principles of law against a factual background that is not fully developed. After remand and a trial on the merits, the district court may find that the facts are such that additional or supplemental legal rulings are required. The principal issues we address here are whether the trial court acted properly in rejecting the Commission's motion to abstain pending state court interpretation of certain issues arising under Nevada law, and whether the preliminary injunction was justified in view of the Commission's argument that any anticompetitive effect from the regulations is permitted under the state action exemption of *Parker v. Brown*, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943).

The Nevada laws on milk pricing that are challenged here require distributors to file lists of wholesale, retail, and distributor or dock prices. Nev.Rev.Stat. § 584.583(5). Sales cannot be made below the list price, or below cost. *Id.* Importantly, distributor prices do not become effective until seven days after filing, though a distributor may meet lawful, filed competitive prices without regard to the seven day waiting period. Nev.Rev.Stat. §§ 584.583(5), .584. The Commission promulgated regulations under these provisions and Nevada's general open-book statute, Nev.Rev.Stat. § 239.010, making wholesale price filings available to the public. Knudsen argues that the price filing system, plus the seven day waiting period, restrained price competition.

## ABSTENTION

The Commission urged the lower court to abstain on both *Pullman* and *Burford*

grounds (*Railroad Commission v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943)). The district court declined to do so. The Commission's theory for abstention was that the Nevada state courts should rule whether or not price filings must be made public. It urged that there was a valid argument that filings could be kept confidential, which would thus moot Knudsen's principal attack. The position is somewhat puzzling in light of the Commission's own previous interpretation that public disclosure of price data is required. The state law question is whether the price filings are within the general statutory requirement that "[a]ll public books and public records" be open to the public. Nev.Rev.Stat. § 239.010. The Nevada dairy laws are silent on the confidentiality of price filings, though the filed statements of costs are to be kept confidential. Nev.Rev.Stat. § 584.583(4). We agree with the district court that neither *Burford* nor *Pullman* abstention is appropriate.

Abstention from the exercise of federal jurisdiction "is the exception, not the rule," *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976); ordinarily a federal court must decide cases properly before it, *id.; Turf Paradise, Inc. v. Arizona Downs*, 670 F.2d 813, 819 (9th Cir. 1982); *Shamrock Development Co. v. City of Concord*, 656 F.2d 1380, 1384–85 (9th Cir. 1981). This court will reverse a trial court ruling on abstention only if there was an abuse of discretion. *Turf Paradise*, 670 F.2d at 819; *Shamrock Development Co.*, 656 F.2d at 1385; *Sederquist v. City of Tiburon*, 590 F.2d 278, 281 n.5 (9th Cir. 1978).

*Burford* abstention certainly is not warranted here. Under *Burford*, a court may decline to rule on an essentially local issue arising out of a complicated state regulatory scheme. *Zablocki v. Redhail*, 434 U.S. 374, 379 n.5, 98 S.Ct. 673, 677 n.5, 54 L.Ed.2d 618 (1978); *Colorado River*, 424 U.S. at 814–16, 96 S.Ct. at 1244–45; *Turf*

*Paradise,* 670 F.2d at 820; *International Brotherhood of Electrical Workers Local 1245 v. Public Service Commission of Nevada,* 614 F.2d 206, 211 (9th Cir. 1980). *Burford* abstention normally requires dismissal of the federal action. *Isthmus Landowners Association v. California,* 601 F.2d 1087, 1090 (9th Cir. 1979); *Santa Fe Land Improvement Co. v. City of Chula Vista,* 596 F.2d 838, 841 (9th Cir. 1979); *Sederquist v. City of Tiburon,* 590 F.2d at 281 n.4; *see Burford,* 319 U.S. at 334, 63 S.Ct. at 1107; *cf.* Field, *Abstention in Constitutional Cases: The Scope of the* Pullman *Abstention Doctrine,* 122 U.Pa.L.Rev. 1071, 1153–54 (1974). "This circuit has been careful to avoid extending *Burford,*" *International Brotherhood of Electrical Workers,* 614 F.2d at 211. Its application generally requires first, that the state has chosen to concentrate suits challenging the actions of the agency involved in a particular court; second, that federal issues could not be separated easily from complex state law issues with respect to which state courts might have special competence; and third, that federal review might disrupt state efforts to establish a coherent policy. *Id.* at 211–12; *see Colorado River,* 424 U.S. at 815–16, 96 S.Ct. at 1245–46; *Turf Paradise,* 670 F.2d at 820. These criteria are wholly lacking in Nevada's dairy regulation scheme. Nevada has not concentrated challenges to the regulations in any particular or specialized court, and the federal issues involved can easily be separated from the state law questions, which, moreover, are not complex and do not require extensive background in local law. *Burford* abstention is particularly inappropriate when the plaintiff's claim is based on preemption, because abstaining under *Burford* would be an implicit ruling on the merits. *See International Brotherhood of Electrical Workers,* 614 F.2d at 212 n.1.

■ *Pullman* abstention is also unwarranted. A federal court may postpone the exercise of its jurisdiction "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." *County of Allegheny*

*v. Frank Mashuda Co.,* 360 U.S. 185, 189, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959); *see Babbitt v. United Farm Workers National Union et al.,* 442 U.S. 289, 306, 99 S.Ct. 2301, 2312, 60 L.Ed.2d 895 (1979); *Colorado River,* 424 U.S. at 814, 96 S.Ct. at 1244. One of the main principles served by the *Pullman* abstention doctrine is the avoidance of deciding constitutional issues. *See* 1A Moore's Federal Practice ¶ 0.203[1] (1981); *Field, supra,* 122 U.Pa.L.Rev. at 1136–37. The federal courts should not abstain from deciding Knudsen's claims. Knudsen's claims are based on the Sherman Act. Although preemption has its doctrinal base in the Constitution, the question is largely one of determining the compatability of a state and a federal statutory scheme. No constitutional issues of substance are presented. *Cf. Propper v. Clark,* 337 U.S. 472, 490, 69 S.Ct. 1333, 1343, 93 L.Ed. 1480 (1949). The case involves only an interpretation of the antitrust laws in the context of price competition and the state action exemption, for which the Supreme Court has laid down recent guidelines.

■ Even if we address the established criteria for applying narrow *Pullman* abstention, we can find no basis to abstain. This circuit has interpreted *Pullman* as requiring abstention if three considerations are satisfied: "(1) The complaint 'touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open.' (2) 'Such constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy.' (3) The possibly determinative issue of state law is doubtful." *Canton v. Spokane School District # 81,* 498 F.2d 840, 845 (9th Cir. 1974) (quoting *Pullman*); *see Shamrock Development Co.,* 656 F.2d at 1385; *L. H., et al. v. Jamieson,* 643 F.2d 1351, 1354–55 (9th Cir. 1981).

Nevada's concerns with the marketing of dairy products, as evidenced by the regulatory scheme, are matters of traditional state domain, or at least arguably so. The second requirement for *Pullman* abstention

is not satisfied, however. Even if we were to assume for argument, contrary to our analysis above, that preemption is a constitutional question here, the Sherman Act claim cannot be avoided and the controversy cannot be terminated by resolution of the state law issue. To terminate Knudsen's challenge to the public filing requirement, a Nevada court would have to decide that the phrase "all books and records" does not apply to the filed price lists, and the Commission then would have to withdraw its public access regulations. The Commission is placed in an uncomfortable position in this court because it has argued on the merits that public disclosure is an important part of the price stabilization sought to be achieved under Nevada's comprehensive regulatory scheme and that, in addition to being required under section 239.010, such disclosure is mandated by the statutory scheme itself. Even if the public disclosure provisions were annulled, by Commission action or outright invalidation by the state courts, Knudsen's challenge to the statutory advance filing requirement would remain. Advance filing may not have as great an anticompetitive, price-fixing effect as public price disclosures, yet the waiting period requirement nevertheless may impede immediate price changes and tend to stabilize prices in restraint of trade. The scheme may also place Knudsen at a disadvantage in competing with integrated companies. Knudsen's antitrust claims thus do not hinge on a definitive ruling on state law issues.

The third *Canton* requirement for abstention also is not satisfied. The issue of state law, the interpretation of "all public books and records," is neither overly complex, requiring state court expertise, nor very doubtful. Although no Nevada court has construed section 239.010 with regard to price filings, the failure to incorporate a confidentiality requirement into section 584.583(5), while explicitly ensuring the confidentiality of cost statements under section 584.583(4), suggests Nevada's intent to allow public price disclosures under the general open-book policy. This has been the administrative interpretation of the Commission.

We conclude that the district court did not abuse its discretion in declining to apply the *Pullman* abstention doctrine.

## THE PRELIMINARY INJUNCTION

 Appellants challenge the preliminary injunction granted by the district court and its scope. We will overturn the grant of a preliminary injunction on appeal only if there has been an abuse of discretion by the trial court. *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1132–33 (9th Cir. 1979). In determining whether there was an abuse of discretion we determine whether the district court correctly applied the proper legal standards governing the issuance of a preliminary injunction. *Id.* at 1133–34. For a preliminary injunction, a party must show either probable success and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships is tipped sharply in its favor. *Id.* at 1134.

 The district court concluded that both Knudsen and the consuming public in Nevada would suffer irreparable harm if the injunction were not granted, and that the countervailing hardship, if any, to the Commission or the state in enforcement of advance and public price filing was minimal in comparison. The district court did not abuse its discretion by this ruling. Public price disclosures may have an anticompetitive effect similar to that of outright horizontal price fixing, which the Supreme Court has held to violate the Sherman Act because of the serious threat to competitors and consumers. The advance filing requirement at this stage of the case appears to injure Knudsen's ability to compete. Knudsen's combined contentions establish possible irreparable injury outweighing any countervailing considerations of the Commission.

 The district court noted that Knudsen had shown a strong probability of its success on the merits. In addition to demonstrating the regulatory scheme's anticompetitive effect, Knudsen made a convincing

showing that the scheme is not exempted from the antitrust laws under the state action doctrine of *Parker v. Brown.* In order for *Parker v. Brown* state action exemption to apply, the restraint must be clearly articulated and affirmatively expressed as state policy, and the policy must be supervised actively by the state itself. *California Retail Liquor Dealers Association v. MidCal Aluminum, Inc.,* 445 U.S. 97, 105, 100 S.Ct. 937, 943, 63 L.Ed.2d 233 (1980).

The Commission argues there is a clearly stated and articulated Nevada policy to stabilize the prices of dairy products, but this point may be unimportant in view of the absence of active supervision by the state. The Commission, though it is authorized by statute to do so, does not set wholesale prices and simply enforces privately-set prices through the mechanism of advance filing. The Commission contends that the state is seriously involved in regulating the industry, and that the Commission sets certain components of costs and prices. The extent to which Nevada is involved and whether *MidCal Aluminum* is truly analogous will, of course, be elaborated in further proceedings in the district court, and we do not address that here. We hold simply that Knudsen has demonstrated a strong probability of its success on the merits, or at least that serious questions are raised. *Miss Universe,* 605 F.2d at 1134; *Benda v. Grand Lodge of the International Association of Machinists & Aerospace Workers,* 584 F.2d 308, 315 (9th Cir. 1978), *cert. dismissed,* 441 U.S. 937, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979). The district court did not abuse its discretion in granting the preliminary injunction.

The preliminary injunction prohibited appellants from enforcing the advance filing requirement of section 584.583(5) and from making price filings available to the public pursuant to the public access regulations. The Commission complains the injunction was too broad, because had the court only invalidated the advance filing requirement, any possible violation of the Sherman Act would have been prevented. We reject this final contention. Public disclosure appears also to inhibit and constrain price competi-

tion in the dairy industry. The district court did not abuse its discretion by the design of its injunction.

AFFIRMED.