Donna GRAHAM, et al.,
Plaintiffs-Appellants,

v.

George DEUKMEJIAN, Attorney General of the State of California, et al.,
Defendants-Appellees.

No. 82–5208.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 1983.

Decided Aug. 18, 1983.

Gerald J. Garner, Garner & Kreinces, Fullerton, Cal., for plaintiffs-appellants.

Michael Hammang, Los Angeles, Cal., for defendants-appellees.

Before KENNEDY and HUG, Circuit Judges, and REDDEN,* District Judge.

REDDEN, District Judge.

Appellants are members of the Jehovah's Witnesses religious group [hereafter "Witnesses"]. Witnesses, as a matter of religious belief, decline to receive blood transfusions during surgery. Certain physicians, few in number, allegedly agree to perform such "bloodless" surgery, and Witnesses allege that these physicians are, therefore, singled out for disciplinary proceedings by California. Allegedly, California seeks to discourage these physicians from performing such surgery by harassing them with such disciplinary proceedings. Appellants contend that California's action infringes their First Amendment rights. The Witnesses brought suit under 42 U.S.C. § 1983 to restrain California from these actions.

The District Court dismissed on abstention grounds. California also argues that the Witnesses lack standing to bring this action and that the Witnesses do not state a cause of action under § 1983. Although we share some of the concerns of the District Court, we are required to reverse and remand for further proceedings.

STANDING

■ We reach first California's contention that the plaintiffs-appellants lack standing to bring this action. The Witnesses must show that they have suffered injury, or that future injury is threatened, as a result of the defendants' conduct. *Scott v. Rosenberg,* 702 F.2d 1263, 1267 (9th Cir. 1983). The Witnesses have so alleged, claiming that blood transfusions are contrary to their religious beliefs and that California's actions threaten to discourage physicians from performing certain operations without such transfusions. This alleged injury is, or could be established to be, traceable to the defendants' conduct. *See Id.* at 1268. Finally, a favorable decision in this suit could prevent or redress the claimed injury. *Id.* The Witnesses assert their own rights under the First Amendment, not those of others. *Id.; see also Roe v. Wade,* 410 U.S. 113, 115, 93 S.Ct. 705, 713, 35 L.Ed.2d 147 (1973) (Pregnant patient can assert right to abortion although physician did not have standing to assert patients' rights). We conclude that the plaintiffs-appellants have standing.

ABSTENTION

■ The district court did not have the benefit of the recent decision in the case of *Knudsen Corporation v. Nevada State Dairy Commission,* 676 F.2d 374 (9th Cir. 1982), when it dismissed this case on abstention grounds. For the reasons stated in that decision at 676 F.2d 376–378, we conclude that abstention is not proper here. The complaint in this case, which is lengthy, confusing and argumentative, gave defendants and the district court cause to believe that the plaintiffs were seeking intervention in specific pending disciplinary proceedings brought by California against certain physicians. The district court might be correct in abstaining from participation in such state agency hearings. At oral argument, however, plaintiffs' counsel expressly disclaimed such a theory, arguing that plaintiffs seek only to protect their constitutional rights under the First Amendment.

We also conclude that abstention here would be inappropriate as "an implicit ruling on the merits," *see Knudsen, supra,* at

* James A. Redden, United States District Judge for the District of Oregon, sitting by designation.

676 F.2d 377. Plaintiffs allege that California's actions prevent them from receiving medical care consistent with their religious beliefs. Abstention in favor of the very proceedings whose fairness the plaintiffs challenge does not comport with the limited applications of the doctrine which this Circuit recognizes. *See Id.* We conclude that abstention is not appropriate. *See also Moses H. Cone v. Mercury Const. Corp.,* —— U.S. ——, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

## CAUSE OF ACTION

■ As noted earlier, the plaintiffs' complaint is more confusing than helpful. Nevertheless, we conclude that it can be read to state a claim cognizable under § 1983. The Witnesses allege that their religion forbids blood transfusions, that only a limited number of physicians in California will perform certain operations without transfusions, and that California, through its licensing and discipline agencies, has a policy of harassing the physicians who agree to perform such surgery. We conclude that plaintiffs should have the opportunity to attempt to establish their claims, and that they state a cause of action.

## CONCLUSION

The district court is affirmed in its decision that plaintiffs have standing and state a cause of action. The dismissal based upon abstention arguments is reversed. The case will be remanded to the District Court for further proceedings.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.