**WISCONSIN TERM LIMITS, a nonstock, nonprofit Wisconsin Corporation, Michael P. Riley, Stephen Deibert, John Mosey, Susan Fisher, Ron Raduechel, Milicent Bodanske, Teresa Gueller, Paul Moroder, Robert Menner, Renata Luttropp, Robert Barisas, Dorothy Bitters, Nancy Salentine, Joseph King, Frederick Ahrens, Mark P. Volheim, Kathy Purdy, Walter G.E. Heiden, and Kevin Scheunemann, Plaintiffs,**

v.

**LEAGUE OF WISCONSIN MUNICIPALITIES, The Common Council, City of Milwaukee, a municipal legislative body, Board of Election Commissioners of the City of Milwaukee, a municipal statutory agency, Ronald D. Leonhardt, City**

Clerk of the City of Milwaukee, Board of Trustees, Village of Big Bend, a municipal legislative body, Barbara Woppert, Village Clerk/Treasurer, Village of Big Bend, Board of Trustees, Village of Butler, a municipal legislative body, Larry S. Plaster, Village Clerk, Village of Butler, The Common Council, City of Cedarburg, a municipal legislative body, Jacquelyn S. Dekker, City Clerk, City of Cedarburg, Board of Trustees, Village of Grafton, a municipal legislative body, Teri J. Dylak, Village Clerk, Village of Grafton, The Common Council, City of Green Bay, a municipal legislative body, Paul G. Janquart, City Clerk, City of Green Bay, The Common Council, City of Hartford, a municipal legislative body, John C. Spielmann, City Clerk, City of Hartford, Board of Trustees, Village of Lannon, a municipal legislative body, Pamela S. Gall, Village Clerk/Treasurer, Village of Lannon, Board of Trustees, Village of Menomonee Falls, a municipal legislative body, Patricia A. Struve, Village Clerk/Treasurer, Village of Menomonee Falls, The Common Council, City of Muskego, a municipal legislative body, Jean K. Marenda, City Clerk, City of Muskego, The Common Council, City of Port Washington, a municipal legislative body, Mark E. Grams, City Clerk Administrator, City of Port Washington, Board of Trustees, Village of Rockdale, a municipal legislative body, Marilyn Gunderson, Village Clerk, Village of Rockdale, Board of Trustees, Village of Saukville, a municipal legislative body, Christopher B. Lear, Village Clerk/Administrator, Village of Saukville, Board of Trustees, Village of Slinger, a municipal legislative body, Dean A. Otte, Village Clerk, Village of Slinger, Board of Trustees, Village of Thiensville, a municipal legislative body, John R. Gibbons, Village Clerk, Village of Thiensville, The Common Council, City of Waukesha, a municipal legislative body, Thomas E. Neill, City Clerk/Treasurer, City of Waukesha, The Common Council, City of Wauwatosa, a municipal legislative body, Janice M. Simonsen, City Clerk, City of Wauwatosa, The Common Council, City of West Bend, a municipal legislative body and, Barbara A. Barringer, City Clerk, City of West Bend, Defendants.

No. 94–C–1106.

United States District Court, E.D. Wisconsin.

Nov. 18, 1994.

William Pangman, for plaintiffs.

Curtis A. Witynski, for League of Wis. Municipalities.

Grant F. Langley, Thomas E. Hayes, Philip C. Reid and Kaye K. Vance, for The Common Council, City of Milwaukee.

Grant F. Langley and Thomas E. Hayes, for Bd. of Election Com'rs of City of Milwaukee and Ronald D. Leonhardt.

T. Michael Schober, for Barbara Woppert and Village of Big Bend Bd. of Trustees.

Hector de la Mora, for Village of Butler Bd. of Trustees and Larry S. Plaster.

Philip C. Reid and Kaye K. Vance, for Cedarburg, City of Common Council and Jacquelyn S. Dekker.

Paul V. Malloy, for Village of Grafton Bd. of Trustees and Teri J. Dylak.

Timothy J. Kelley, for Green Bay, City of Common Council and Paul G. Janquart.

Karen M. Christianson, for Hartford, City of Common Council and John C. Spielmann; Mark G. Blum and William F. Reilly, for Village of Lannon Bd. of Trustees and Pamela S. Gall.

Michael J. Morse, Stephen W. Hayes and Timothy W. Feeley, for Village of Menomonee Falls Bd. of Trustees and Patricia A. Struve.

H. Stanley Riffle, for Muskego, City of Common Council and Jean K. Marenda.

Christopher L. O'Byrne, for Port Washington, City of Common Council and Mark E. Grams.

Mark R. Sewell, for Village of Rockdale Bd. of Trustees and Marilyn Gunderson.

Gerald H. Antoine, for Village of Saukville Bd. of Trustees and Christopher B. Lear.

Phillip Eckert, for Village of Slinger Bd. of Trustees and Dean A. Otte.

Michael P. Herbrand, for Village of Thiensville Bd. of Trustees and John R. Gibbons.

Curt Meitz, for Waukesha, City of Common Council and Thomas E. Neill.

Harold D. Gehrke, for Wauwatosa, City of Common Council and Janice M. Simonsen.

T.N. Frederick and Richard C. Yde, for West Bend, City of Common Council and Barbara A. Barringer.

### ORDER

CURRAN, District Judge.

On October 18, 1994, United States Magistrate Judge Aaron E. Goodstein recommended that the motion of the Plaintiffs for a preliminary injunction be denied on the grounds that the Plaintiffs failed to demonstrate a sufficient likelihood of success on the merits. The Plaintiffs filed an objection to the Magistrate Judge's recommendation and the Defendants Common Council, City of Milwaukee, Ronald D. Leonhardt and the Board of Election Commissioners in the City of Milwaukee objected to that portion of the Magistrate Judge's recommendation finding that the court had subject matter jurisdiction over the controversy.

In *Meyer v. Grant*, 486 U.S. 414, 108 S.Ct. 1886, 100 L.Ed.2d 425 (1988), the Supreme Court held that, although there is no federal constitutional right of citizens to place propositions on a ballot through an initiative process, once a state has provided for such initiative process core political speech is implicated which the State may then not unduly burden. *Id.* at 422, 108 S.Ct. at 1892. The court thus has jurisdiction to consider whether the rejection by the Defendants of the Plaintiffs' proposed direct legislation was a proper exercise under the statute or an unconstitutional limitation of the Plaintiffs' speech and associational rights under the First and Fourteenth Amendments. The court accordingly adopts the Magistrate Judge's recommendation concerning federal jurisdiction over this controversy. Because the election has occurred, however, the Plaintiffs' motion for a preliminary injunction is denied as moot. The Clerk is directed to return the file to United States Magistrate Judge Aaron E. Goodstein for further pretrial processing.

Done and Ordered.

### Recommendation to District Judge

Oct. 18, 1994.

GOODSTEIN, United States Magistrate Judge.

On October 3, 1994, the plaintiffs brought this action under 42 U.S.C. § 1983 alleging violations of the Tenth Amendment, First Amendment and Fourteenth Amendment for failure to adopt or place proposed direct legislation on the ballot for the November elections in violation of Wis.Stats. §§ 9.20 and 5.01(1). Plaintiffs are Wisconsin Term

Limits, an incorporated association of Wisconsin residents, and individual residents who signed and circulated petitions in support of the proposed legislation regarding term limits for elected officials. The defendants consist of the League of Wisconsin Municipalities, a lobbying and trade association for local government officials and eighteen individual municipalities. This case was randomly assigned to this court for all pretrial processing. Venue is proper in the Eastern District of Wisconsin. As the defendant Village of Rockdale has been dismissed from this suit pursuant to the stipulation of the parties and was the only defendant to reside outside of the Eastern District, any claim regarding lack of venue is moot.

On October 4, 1994, the plaintiffs filed a motion for a preliminary injunction. The court conducted a hearing on October 7, 1994 at which all plaintiffs and defendants were represented by counsel. The parties were then given an opportunity to submit written memoranda. Since there has not been consent of the all of the parties to magistrate judge jurisdiction, this court has limited jurisdiction regarding the motion for preliminary injunction which is the subject of this recommendation. 28 U.S.C. § 636(b)(1)(B).

## I. Background

The plaintiffs are requesting that the court enter a preliminary injunction requiring each of the municipal defendants to place the following ordinance and resolution on the ballot for the November 8, 1994 election:

### PETITION FOR DIRECT LEGISLATION

I, the undersigned, a qualified elector of the city/village of _____, request that the attached proposed ordinance and resolution either be adopted by the Common Council, or referred to a vote of the electors without alteration pursuant to provisions of chapter 9.20 Wisconsin State Statutes.

**Section 1. TERM LIMITS ORDINANCE.** Notwithstanding any other provision of law to the contrary, no person shall be eligible to be nominated, elected, or to serve in the office of Mayor if that person shall previously have held such office for two or more full consecutive terms, unless one full term or more has elapsed since that person last held such office. Also, no person shall be eligible to be nominated, elected, or to serve in the office of Council Member if that person shall previously have held such office for *three* or more full consecutive terms, unless one full term or more has elapsed since that person last held such office. For the purposes of this act, terms shall be deemed consecutive unless more than two years apart, and a term shall be deemed full if a person has served at least half of the time allotted for the term. Service prior to the passage of this ordinance shall not count in determining length of service.

**Section 2. TERM LIMITS RESOLUTION.** The City Clerk is hereby instructed to contact, exactly as he would do if so instructed by a resolution of the Common Council, in writing, within 30 days after adoption of this ordinance and resolution, all state legislators and members of the United States Congress who have any constituents within the city limits and instruct them that it is the resolute desire of the citizens of the city/village of _____ that term limits be enacted by our Wisconsin State Legislature and our United States Congress, and that the maximum consecutive tenure in office be no more than six years (three terms) in Senate, and no more than eight consecutive years in either the Wisconsin State Senate or State Assembly. The people of the city/village of _____ hereby instruct all state and federal legislators, representing any part of this city, to individually do their utmost to promote and pass binding legislation or a constitutional amendment enacting the term limits specified in this section. The instruction or resolution shall remain in effect for as many years as are required to effect these changes, and shall so state on its face.

**Section 3. SEVERABILITY.** If any part of this petition shall be declared unconstitutional by a court, all other parts shall remain in full force and effect.

## II. Preliminary Injunction

Initially, the court would like to clear up any misconceptions regarding this case and the pending motion. This case is not about the merits or constitutional validity of term limits or whether citizens should be able to place something on the ballot by way of direct legislation. None of the defendants have raised the issue of the constitutionality of term limits; that issue is not germane to the decision. The only issue before the court at this time is whether or not the plaintiffs' motion for a preliminary injunction should be granted.

A party moving for a preliminary injunction must show 1) a reasonable likelihood of success on the merits and 2) the inadequacy of a remedy at law and irreparable harm without the injunction, as a threshold burden. If the movant can demonstrate these elements, the court weighs 3) the relative harms to the parties and 4) the public interest, meaning the effect that granting or denying the injunction will have on nonparties. *Erickson v. Trinity Theatre, Inc.*, 13 F.3d 1061, 1067 (7th Cir.1994). "If it is plain that the party seeking the preliminary injunction has no case on the merits, the injunction should be refused regardless of the balance of harms." *Green River Bottling Co. v. Green River Corp.*, 997 F.2d 359, 361 (7th Cir.1993). The court will address the various issues raised by the parties under the first prong of the threshold determination, a reasonable likelihood of success.

### A. Federal Jurisdiction

As a reasonable likelihood of success on the merits depends, in part, upon whether there is proper federal jurisdiction, the court will begin by analyzing the defendants' jurisdictional claims. The plaintiffs assert that jurisdiction is conferred upon this court by 28 U.S.C. § 1331 and 28 U.S.C. §§ 1343(3) and (4) which provide for original jurisdiction in suits brought under 42 U.S.C. § 1983. The defendants claim that 1) there is no jurisdiction under 28 U.S.C. § 1331 because there is no federal issue and 2) even if there is jurisdiction, the court should abstain from exercising it.

### 1. Federal Question

The defendants cite *Taxpayers United for Assessment Cuts v. Austin*, 994 F.2d 291 (6th Cir.1993) for the proposition that there is no jurisdiction in this case because there is no federal question. In *Taxpayers*, the plaintiffs alleged that their First and Fourteenth Amendment rights were violated when the Michigan Board of State Canvassers refused to certify their proposed initiative for submission. *Id.* at 293.

■ It is clear from their arguments and from the citation to *Taxpayers* that the defendants in this case are confusing the merits of this case with the issue of whether or not federal jurisdiction is proper. In *Taxpayers*, the court held that the plaintiffs stated a colorable claim under 42 U.S.C. § 1983 and therefore the district court had jurisdiction. *Id.* at 295. The court stated that "although the Constitution does not require a state to create an initiative procedure, if it creates such a procedure, the state cannot place restrictions on its use that violate the federal Constitution." *Id.* Just as in *Taxpayers*, the plaintiffs here have made out a colorable claim under § 1983 and therefore the court has jurisdiction. Because the Sixth Circuit in *Taxpayers* upheld jurisdiction but dismissed the claims, the defendants rely on *Taxpayers* for the proposition that the plaintiffs have failed to state a claim upon which relief can be granted, thus addressing the merits of the plaintiffs' case. To the extent that the reasonable likelihood of success on the merits is important to the issue of whether a preliminary injunction should issue, the court will deal with this argument after completing its discussion of the jurisdictional objections. Otherwise, this argument is best raised in support of a motion to dismiss or motion for summary judgment.

The defendants also cite to *Wright v. Mahan*, 478 F.Supp. 468 (E.D.Va.1979), *aff'd without opinion*, 620 F.2d 296 (4th Cir.1980), a case which held that "a right to petition for, have access to the ballot for, and vote in a municipal initiative election is a wholly State created right" and is not a right secured by the First or Fourteenth Amendment. *Wright*, 478 F.Supp. at 474. The defendants

contend that *Wright* stands for the proposition that the federal court lacks jurisdiction to entertain the type of challenge raised by the plaintiffs in the present action. In the Village of Butler's brief in opposition to the motion for preliminary injunction, the defendants try to distinguish *Wright* and *Taxpayers* on the basis that federal jurisdiction exists in a challenge to the constitutionality of the initiative procedure itself, as in *Taxpayers,* but does not exist in cases where the only question is whether a state or municipal official correctly followed that procedure in certifying or refusing to certify a particular proposed referendum for election, as in *Wright.* Whether or not this constitutes a significant distinction is not material since the defendants' argument is more germane to the question of whether the plaintiffs have stated a claim upon which relief can be granted by alleging a violation of constitutional magnitude. *Wright* does not foreclose the federal court from exercising its jurisdiction to determine if such a claim has been raised.

Furthermore, the defendants' federal jurisdiction argument is not persuasive in light of *Meyer v. Grant,* 486 U.S. 414, 424–25, 108 S.Ct. 1886, 1893–94, 100 L.Ed.2d 425 (1988) where the Supreme Court stated that even though the right to initiative is not guaranteed by the federal constitution, once an initiative procedure is created, the state may not place restrictions on the exercise of the initiative that unduly burden First Amendment rights. As in *Meyer,* where the Court found that the state's prohibition against compensating persons to circulate petitions to place an initiative on the ballot, as opposed to requiring the use of volunteers, was an unconstitutional restriction, the plaintiffs here claim that the municipalities' refusal to place their initiative on the ballot improperly restricts the exercise of the initiative procedures established in Wis.Stats. § 9.20 and thus violates their constitutional rights. The court concludes that federal jurisdiction exists, and that the plaintiffs' complaint cannot be dismissed for lack of such jurisdiction.

**2. Abstention**

■ The defendants claim that even if the court has jurisdiction, it should abstain from deciding this case. However, the defendants appear to disagree as to what type of abstention is appropriate, thus raising several different abstention doctrines as a basis for their claim.

The Supreme Court has established four abstention doctrines: 1) *Pullman*-type abstention, to avoid decision of a federal constitutional question until the state court has resolved the state law questions; 2) *Burford*-type abstention, to avoid needless conflict with the state's administration of its own affairs; 3) abstention to leave to the states resolution of unsettled questions of state law and 4) *Colorado–River*-type abstention, to avoid duplicative litigation. 17a Charles A. Wright, et al., *Federal Practice & Procedure* § 4241, at 28–29 (1988).

The defendants argue that *Pullman*-type abstention is appropriate because the constitutional claims should be avoided until the Wisconsin state court decides upon the construction of § 9.20 based upon the facts of this case. However, this case does not deal with an interpretation of § 9.20 but, rather, whether or not the failure to follow that statute violated the plaintiffs' rights. Furthermore, the Wisconsin Supreme Court in *State ex rel. Althouse v. Madison,* 79 Wis.2d 97, 108 255 N.W.2d 449 (1977) carved out the exceptions to when § 9.20 need not be followed. Therefore, *Pullman*-type abstention is not appropriate in this case.

The defendants also raise *Burford*-type abstention. This type of abstention has been limited to cases where the assumption of federal jurisdiction threatens to disrupt the orderly administration of state regulatory schemes or where the plaintiff in a diversity action seeks to restrain the exercise of authority vested in state officers. *Bergeron v. Estate of Loeb,* 777 F.2d 792, 800 (1st Cir.), *cert. denied,* 475 U.S. 1109, 106 S.Ct. 1517, 89 L.Ed.2d 915 (1985). Federal jurisdiction is disruptive where it involves a complex state regulatory scheme, such as the regulation of oil wells implemented by the state Railroad Commission in *Burford,* and there is a specialized tribunal having exclusive jurisdiction over the matter. 1a James W. Moore, et al., *Moore's Federal Practice* ¶ .203(2) (2nd

ed.1994). *See United Services Auto. Ass'n v. Muir,* 792 F.2d 356 (3rd Cir.1986), *cert. denied,* 479 U.S. 1031, 107 S.Ct. 875, 93 L.Ed.2d 830 (1987) (where resolution of the federal issues required immersion of the court in the technicalities of the state scheme of rehabilitation of insolvent insurers, abstention was proper); *Knudsen Corp. v. Nevada State Dairy Commission,* 676 F.2d 374 (9th Cir.1982) (abstention inappropriate as regulatory matters not concentrated in particular state court). As federal jurisdiction will not be disruptive and there is no diversity action involved, *Burford*-type abstention is not appropriate.

It is unclear whether the defendants raise the third type of abstention but, if so, that type of abstention is not applicable to this case because it involves abstention in private litigation merely to avoid having to decide difficult questions of state law. *Federal Practice & Procedure,* § 4246 at 104. This case involves constitutional and statutory issues of a public nature and does not present difficult questions of state law.

The defendants cite to *Colorado River Water Conservatory District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) for the proposition that, because this case presents difficult questions of state law bearing on policy problems of substantial public import, the court should abstain. However, *Colorado River*-type abstention is a doctrine which allows federal courts to abstain for the purposes of judicial economy in cases involving contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts. *Colorado River,* 424 U.S. at 817–818, 96 S.Ct. at 1246–47. To this court's knowledge, there are no other federal or state cases which would result in an adjudication of the plaintiffs' claims against all of the defendants such that this type of abstention would be warranted. This argument appears to be instead advocating the application of *Burford*-type abstention, which is discussed above. For the foregoing reasons, the court will not abstain from exercising proper jurisdiction over this case.

## B. The Merits

The plaintiffs are alleging a violation of their Tenth, First and Fourteenth Amendment rights based on the failure of the defendant municipalities to place the proposed legislation on the ballot or adopt the proposed legislation pursuant to Wis.Stats. § 9.20. The court initially notes that, with regard to the League of Wisconsin Municipalities, the plaintiffs' likely success on the merits is questionable based on the fact that this defendant is not governed by § 9.20, but this issue is more properly reserved for resolution after the League of Wisconsin Municipalities' motion to dismiss is fully briefed. In any event, it is clear that as this motion for preliminary injunction seeks to require municipalities to place term limits legislation on the ballot, this motion is inapplicable with regard to the League of Wisconsin Municipalities.

Wis.Stats. § 9.20(1) provides, in relevant part: "A number of electors equal to at least 15% of the votes cast for governor at the last general election in their city or village may sign and file a petition with the city or village clerk requesting that an attached proposed ordinance or resolution, without alteration, either be adopted by the common council or village board or be referred to a vote of the electors." Wis.Stats. § 9.20(1) (1988). The statute further states that, within fifteen days after the filing of a petition, the clerk shall either certify that the proposed ordinance or resolution is sufficient or find the petition insufficient and the petitioner then has ten days to place the petition in proper form. § 9.20(3). Once the petition is found to be sufficient, the clerk shall forward it to the common council or village board. *Id.* Section 9.20(4) then states, in relevant part: "The common council or village board shall, without alteration, either pass the ordinance or resolution within 30 days following the date of the clerk's final certificate, or submit it to the electors at the next spring or general election, if the election is more than 6 weeks after the date of the council's or board's action on the petition or the expiration of the 30-day period, whichever first occurs. If there are 6 weeks or less before

the election, the ordinance or resolution shall be voted on at the next election thereafter."

The municipal governing body has a mandatory, ministerial, and nondiscretionary duty under § 9.20. *State ex. rel. Althouse v. Madison,* 79 Wis.2d 97, 107, 255 N.W.2d 449 (1979). However, in *Althouse,* the Wisconsin Supreme court recognized that the Board does not have a duty to act under that statute if: 1) The ordinance or resolution is administrative rather than legislative in character; 2) The ordinance or resolution is in direct conflict with a prior resolution or ordinance and constitutes an implied repeal of that legislation; 3) The ordinance or resolution attempts to exercise powers not conferred on the municipal governing body by statute or constitution; 4) The proposed legislation is within the governing body's power but could not be exercised within the limits binding on that body; or 5) State law prescribes different procedures from what is proposed. *Id.* at 107–08, 255 N.W.2d 449.

The defendants provide two reasons as to why they did not follow Wis.Stats. § 9.20, thus submitting that these will preclude the plaintiffs from prevailing on the merits. First, the defendants claim that the section two of the proposed legislation (the "resolution") is administrative and not legislative in nature and therefore the proposed legislation does not comply with Wis.Stats. § 9.20. Second, the defendants argue that the "ordinance" portion of the proposed legislation (section one) relates to local affairs in government and therefore, in order to be subject to direct legislation, it must be brought in the form of a charter ordinance pursuant to Wis. Stats. § 66.01.

### 1. Administrative v. Legislative

The defendants claim that the second part of the proposed legislation, titled "Section 2. Term Limits Resolution" is administrative in nature. Specifically, they claim that the portion of that section providing that thirty days after the adoption of the ordinance and resolution, the clerk should contact state legislators and members of Congress to express the desire of their constituents to enact federal and state term limits is administrative and not legislative. In *Heider v. Wauwatosa,* 37 Wis.2d 466, 155 N.W.2d 17 (1967), the Wisconsin Supreme Court set forth the test for determining whether a proposal for direct legislation under § 10.43, the predecessor to § 9.20, was administrative or legislative in character. " '[A]ction relating to subjects of permanent and general character are usually regarded as legislative, and those providing for subjects of temporary and special character are regarded as administrative ... details which are essentially of a fluctuating sort, due to economic conditions, cannot be set up in and by an ordinance to be submitted to vote of the people under initiative and referendum statute, which restricts submission to people to measures of permanent operation.' " (quoting McQuillian, 5 *Municipal Corporations* § 16.55, at 254–56 (3rd ed.)). The court further defined a legislative proposition as one that makes new law or executes a law already in existence, as opposed to an administrative proposition which merely proposes a plan already adopted by the legislative body itself or some power superior to it. *Id.*

It appears to this court that the instruction in section two requiring the clerk to contact members of the state legislators and members of Congress is a temporary action which does not make new law or execute a law already in existence; it is administrative in nature. As such, the defendants were not required to follow § 9.20 by either adopting the section two of proposed legislation or placing it on the ballot. In addition, some of the defendants argue that the remaining portion of this section which instructs all state and federal legislators to encourage enactment of term limits is also temporary in nature, because if Congress or the Wisconsin Legislature enacts proposed term limits, this provision will be effectively repealed. This argument is rather speculative and since this court has already concluded that there is not a reasonable likelihood of success that a portion of section two will be found to be legislative, as opposed to be administrative, the court need not consider what may occur in the future.

In response, the plaintiffs argue that the instruction to the clerk is no different than every statute which includes a date as to

when the legislation is to take effect. Section two also includes a separate instruction requiring the clerk to perform the ministerial or administrative task of writing to the state and United States legislators, a task which is not part of other proposed ordinances.

## 2. Bifurcation

Since it appears to this court that the second section of the proposed legislation is administrative and not the proper subject of direct legislation, the question arises as to whether the first and second sections can be bifurcated. In fact, section three of the proposed legislation seeks to accomplish something similar to bifurcation by stating any section declared unconstitutional by a court shall be severed from the other parts which would remain in full force and effect. Plaintiffs cite to *California v. Eu,* 54 Cal.3d 492, 286 Cal.Rptr. 283, 816 P.2d 1309 (1991), *cert. denied,* 503 U.S. 919, 112 S.Ct. 1292, 117 L.Ed.2d 516 (1992) which proposed a test for severability of a portion of an adopted constitutional amendment from the balance of the amendment under a severance clause. Unlike *Eu* which did not involve the initiative procedures adopted by the state legislature, Wis.Stats. § 9.20(4) clearly and unambiguously states that the common council or village board may not alter the ordinance or resolution, and therefore the test set forth in *Eu* is inapplicable. Thus, bifurcation of these sections so as to allow the purely legislative section to be placed on the ballot is impermissible.

## 3. Charter Ordinance v. Simple Ordinance

The defendants argue that section one of the proposed legislation, which was brought as a simple ordinance under § 9.20, should have been brought as a charter ordinance under Wis.Stats. § 66.01. Article XI, § 3(1) of the Wisconsin Constitution provides that cities and villages may determine their local affairs and government, and that the method of such determination shall be prescribed by the legislature. Section 66.01 states that "under article XI, section 3 of the Wisconsin Constitution, the method of determination of local affairs and government of cities and

villages shall be as prescribed in this section." Section 66.01 then defines charter ordinance as "any ordinance which enacts, amends or repeals the whole or any part of the charter of a city or village, or makes the election mentioned in sub. (4)" which allows the city or village to enact or repeal laws relating to the local affairs and government of the city or village which are not inconsistent with those enacted by the legislature. Wis.Stats. § 66.01(2)(a) and (4).

The plaintiffs acknowledge that the proposed legislation at issue was not drafted in the form of a charter ordinance, but submit that it did not need to be designated as such. The plaintiffs' arguments are unpersuasive. First, they argue that there is really no substantive difference between a charter ordinance and simple ordinance, that any difference is only semantics and formalism. Second, they argue that if a charter ordinance was required, the city or village clerks who certified the petitions under § 9.20 should not have done so. As to this argument, the plaintiffs seem to now be arguing that the clerks have some discretion under § 9.20 whereas the underlying basis of plaintiffs' position is that § 9.20 provides for no discretion. As to plaintiffs' contention that the differences between § 9.20 and § 66.01 are merely semantic, one need only read both sections to see that distinctly different procedures are required such as the number of electors who must sign the petition and the vote required by the board to adopt the ordinance.

The plaintiffs submit that Wis.Stats. § 62.09(5)(a) which provides for the commencement of the terms of alderman and mayor, with changes made by ordinance, and § 62.09(5)(b), which provides the length of terms of elective officers, with changes made by charter ordinance, supports their position that a charter ordinance is only required to change the length of terms, but not the number of consecutive terms. Plaintiffs' reading of the statute is creative, but does not answer the question of whether term limits are "matters of local affairs and government" which must be legislated by charter ordinance in accordance with the mandate of Art. XI § 3

of the Wisconsin Constitution and Wis.Stats. § 66.01.

It should be noted that the Wisconsin courts have not addressed this specific issue of whether term limits for city or village mayors, council members or aldermen is a matter of local government affairs. However, recent cases in other jurisdictions have reached this conclusion. *See, e.g., Roth v. Cuevas,* 158 Misc.2d 238, 603 N.Y.S.2d 962, 965–67 (Sup.Ct.1993) (holding that term limit legislation relates to local government affairs and was therefore properly brought as a charter amendment); *Cawdrey v. Redondo Beach,* 15 Cal.App.4th 1212, 19 Cal.Rptr.2d 179 (1993) (finding that term limits for municipal officers implicates a municipal affair and thus upholding a charter provision setting forth such term limits). As such, pursuant to the Wisconsin Constitution and Wis. Stats. § 66.01, it appears that a charter ordinance was required for the question of term limits. Therefore, various common councils or village boards arguably did not need to follow § 9.20 because the resolution section of the proposed legislation involved an administrative action which is outside the scope of initiative action and because the state law prescribes different procedures from what was utilized. *Althouse,* 79 Wis.2d at 107–08, 255 N.W.2d 449.

In urging that they will succeed on the merits, the plaintiffs cite *Illinois State Board of Election v. Socialist Workers,* 440 U.S. 173, 99 S.Ct. 983, 59 L.Ed.2d 230 (1979) and *Wyoming National Abortion Rights Action League v. Planned Parenthood of Wyoming,* 881 P.2d 281 (Wyo.1994), together with several other cases. This group of cases cited by the plaintiffs in support of their position are distinguishable in that they all involved challenges to the constitutionality of the proposed legislation or the initiative statute itself. Even *Althouse* states that where there has been no prior adjudication as to the constitutionality of the proposed legislation, the legislation should be placed on the ballot despite doubts about its constitutionality or statutory validity. *Althouse,* 79 Wis.2d at 118–119, 255 N.W.2d 449. As stated at the outset, no challenge has been raised by the defendants regarding the constitutionality of

term limits, nor have the plaintiffs challenged the constitutionality of § 9.20. Rather, plaintiffs contend that the defendants' conduct in not following the procedures of § 9.20 is unconstitutional.

The plaintiffs further argue that the defendants' conduct undermines the policy of § 5.01(1) of the Wisconsin statutes which states: "Except as otherwise provided, chs. 5 to 12 shall be construed to give effect to the will of the electors, if that can be ascertained from the proceedings, notwithstanding informality or failure to fully comply with some of their provisions." Despite this legislative intent to give effect to the will of the electors, § 5.01(1) does not allow the electors to circumvent or abandon the procedures for direct legislation established by the state legislature.

Notwithstanding the various procedural impediments facing the plaintiffs, they continue to paint the likelihood of success with a broad brush. Plaintiffs cite to *New York City Board of Estimate v. Morris,* 489 U.S. 688, 693, 109 S.Ct. 1433, 1438, 103 L.Ed.2d 717 (1989) and *Williams v. Rhodes,* 393 U.S. 23, 31, 89 S.Ct. 5, 10–11, 21 L.Ed.2d 24 (1968) for the general proposition that citizens have a right to vote and to equal participation in the political process. The majority of the plaintiffs' arguments are couched in sweeping terms, advocating general constitutional rights. The court does not dispute the fact that plaintiffs have a fundamental right to vote. That is not the issue before the court. The narrow issue at hand is whether the plaintiffs are entitled to a preliminary injunction. With regard to that issue, the plaintiffs have failed to meet their burden of showing a reasonable likelihood of success on the merits and on that basis the court recommends that the motion for preliminary injunction be denied.

As the plaintiffs have failed to establish a reasonable likelihood of success on the merits, the court need not discuss whether the plaintiffs met their burden as to the other elements necessary for a preliminary injunction. *Green River Bottling Co. v. Green River Corp.,* 997 F.2d at 361. As to the second prong of the threshold elements, i.e., the inadequacy of a remedy at law and irrep-

arable harm without the injunction, the court would comment that the plaintiffs have no legal remedy that can be measured in terms of dollars, although the defendants contend that they have alternative state court remedies. Furthermore, missing an opportunity to have this placed on the November 8, 1994 ballot is irreparable harm in the sense that each election is unique and cannot be replicated. Whether the harm is irreparable in the broader sense of weighing the November ballot against subsequent ballots on which similar proposals might be placed is a disputed matter between the parties.

Finally, the court notes that the defendants have raised factual issues regarding whether the requirements of § 9.20 were met in each individual municipality. In view of the court's recommendation on other grounds, these matters need not be addressed at this time. It is clear that, contrary to the plaintiffs' assertion, there are legitimate disputes as to whether the procedural requirements were satisfied.

### III. Additional Matters

With regard to the defendants' continued objection to the timing of the preliminary injunction hearing, the court directs the defendants' attention to Fed.R.Civ.P. 6(d) which requires that notice of the motion for a preliminary injunction must be served five days before the time set for the hearing "unless a different period is fixed by these rules or by order of the court." Based on the proximity of the upcoming election, the court ordered that a hearing be held two days from the time notice was given and instructed that plaintiffs' counsel send the required notice to the numerous defendants. Thus, the requirements of Fed.R.Civ.P. 6(d) have been satisfied.

With regard to some of the defendants' references to sanctions pursuant to Rule 11, if the defendants wish to pursue this avenue, they should make a formal motion in this regard. As to the argument of some defendants that, because proper service was not made upon the Common Council, the court has no personal jurisdiction, this should be raised in a motion to dismiss.

**IT IS THEREFORE RECOMMENDED** that the district judge deny plaintiffs' motion for a preliminary injunction. This portion of the case will be returned to the Clerk of Court for random reassignment to a district judge. The nonpreliminary injunction aspects of the case will remain with this court for continued pretrial processing.

Any objection to this recommendation must be filed with the Clerk of Court in duplicate within ten days of this date unless the assigned district judge sets a different time. Failure to file an objection within the specified time waives the right to appeal the district court's order on all factual and legal issues.